the following was delivered by Judge Roane as the opinion of the court.
“The courtis not satisfied that the negligence or inattention of the appellant, in relation to the suit at law, is a sufficient ground on which he could be let into a court of equity: — yet the judgment rendered in that case having been wholly without defence on the part of the appellant, or the administrators; and the damages found not being vindictive, but graduated by the magnitude and value of the estate undertaken to be administered ; and it now appearing to the court, by the settlement of James Flliott’s accounts with Montgomery Court, which, though not conclusive, is prima facie evidence of the facts and disbursements therein contained, that á considerable part of that estate was bona jide disbursed by that administrator, by which (if ultimately supported) the amount of the estate, and the correlative amount of damages enuring to the distributees would be proportionably diminished; and it moreover appearing, from that account, that the portions of one or more of the distributees of Robert Gressom had been paid them by the said James lilliott, by which, without the interference of a court of equity, they would receive the said sums twice; — and this case also presenting the spectacle of two administra *114 tors in the character of distributees recovering damages' from their own security for their own default as administra» tors ; — under all the circumstances of the case, the court is of opinion that it presents a fit subject for the interposition of a court of equity, by which the damages recovered will recluce<l or graduated, and the sum recovered be apportioned among the appellees, according to their respective rights and the principles of equity and justice.
“On this ground, the court is of opinion, that the chancellor wascorrect in decreeing an account between the parties; and that he erred in dispensing afterwards with that account, and dismissing the appellant’s bill. The decree is therefore reversed with costs, and the cause remanded for the purpose of having such account taken, and a decree rendered among the parties pursuant to the principles of this decree; — in taking which account, if the settlement by James Elliott with Montgomery Court be not surcharged or falsified, either in the whole; or in part, it is to be taken as correct, and be admitted to bind the present parties.”