## Richmond

### UNITED PAPERWORKERS INTERNATIONAL UNION, AFL-CIO, ETC.

### v.

### CHASE BAG COMPANY

September 11, 1981.

Record No. 800086.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

*Lawrence E. Lindeman (Woods, Villalon, Hollengreen & Lindeman,* on briefs), for appellant.

*Marla J. Melman (Herbert V. Kelly; Jones, Blechman, Woltz & Kelly,* P.C., on brief), for appellee.

PER CURIAM.

In this appeal, we consider whether the trial court erred in setting aside an arbitrator's award granting relief sought by employees in a labor dispute.

On September 26, 1975, Chase Bag Company (the Company) and the United Paperworkers International Union, AFL-CIO (the Union) entered into a collective bargaining agreement, which was in effect at the time of the labor dispute in issue. Under the agreement, an employee was required to present a grievance to his shop steward, a union official, "in writing within five (5) days from the date [the grievance] was found to exist by the employee or the Union." The shop steward was then required to present the grievance to the Company's supervisory representative "within three (3) working days or the matter [would be] considered settled." In the event the grievance was not settled, the parties could submit the dispute to arbitration "if it involve[d] the application or interpretation of the terms of [the] Agreement." While the arbitrator could not "add to, subtract from, terminate or modify any of the terms of the Agreement," his decision as to the application or interpretation of the agreement's terms would be "final and binding upon the Employer, the Union and all Employees concerned."

On April 26, 1978, a severe storm damaged the Company's plant. Claiming that the storm threatened their safety, an unspecified number of employees walked off their jobs. On Thursday, April 27, 1978, the Company disciplined several employees and notified them of its actions. On Friday, April 28, one employee not previously notified received notice. On Thursday, May 4, three grievances were filed with a shop steward. On Friday, May 5, five additional grievances were filed with a steward, and the eight grievances were presented that day to the Company's representative. On Monday, May 8, nine additional grievances were filed

with a steward, who presented them to the Company's representative the same day.

Ultimately, the grievances were submitted to an arbitrator. Apparently concluding that a grievance would be timely filed if presented to the Company within eight days, regardless of when it had been filed with the shop steward, the arbitrator rejected the Company's claim of employee tardiness in filing the grievances. Then, turning to the merits, the arbitrator vacated all disciplinary action taken against the employees.

Following the arbitrator's decision, the Company brought this suit in equity seeking to set aside the award on the grounds that the arbitrator had erroneously calculated the time periods for filing grievances and had ignored the requirement that grievances be submitted to a shop steward within five days. Counsel for the Union agreed in the trial court that "the arithmetic computations of the arbitrator regarding the period of time within which the grievances were required . . . to be presented in writing to a shop steward, were incorrect, and that the grievances had not been presented to a shop steward in writing within five days from the date they were found to exist," as provided in the agreement. Holding that the arbitrator had made an error apparent on the face of the award, the trial court vacated the award.

On appeal, the Union first contends that a purely procedural question was involved in the Company's claim of employee tardiness in filing the grievances. Then, citing *John Wiley & Sons* v. *Livingston,* 376 U.S. 543 (1964), the Union argues that procedural questions growing out of a particular dispute should be left exclusively with the arbitrator.

█ We disagree with the Union's argument. Under Virginia law, a court may modify or set aside an arbitrator's award for errors in procedural, as well as substantive, matters. *See Moore* v. *Luckess' Next of Kin,* 64 Va. (23 Gratt.) 160 (1873) (statute of limitations). The Virginia view does not conflict with the *Livingston* holding; *Livingston* merely stands for the proposition that, if a court determines the parties have agreed to submit their differences to arbitration,[1] the arbitrator should have an opportunity to resolve *in the first instance* "intertwined issues of 'substance' and 'procedure' growing out of a single dispute and raising the same

---

[1] Whether the parties are obligated to submit an issue to arbitration is a matter of law for the court to determine. *Doyle & Russell* v. *Roanoke Hospital,* 213 Va. 489, 494, 193 S.E.2d 662, 666 (1973).

questions on the same facts." 376 U.S. at 557. Where, as here, a post-award review is involved and the procedural and substantive issues are not intertwined but are separate and distinct, the *Livingston* rule has no application.

Next, citing *Sydnor Co. v. County School Board,* 182 Va. 156, 28 S.E.2d 33 (1943), and Code § 8.01-580,[2] the Union contends that an arbitrator's award should not be set aside unless palpable error is apparent on its face. The Union argues that the alleged "error apparent," *viz.,* the arbitrator's holding that the grievances were timely even though not filed within the initial five-day period,[3] was not a palpable error, but a "trifling matter." In this connection, the Union maintains that the five-day filing requirement is for its sole benefit and that the Company "has no actual interest" in the requirement. Accordingly, the Union concludes, the intent of the collective bargaining agreement is satisfied "as long as the grievance is filed with the Company within the total period of time allotted for such filing, i.e., the five days plus three working days." In any event, the Union asserts, the collective bargaining agreement empowered the arbitrator to make "final and binding" interpretations of the agreement, and the arbitrator merely interpreted the five-day filing requirement "as not conferring any substantive rights" upon the Company.

We respond to these arguments in inverse order. First, we can find nothing in the arbitrator's written opinion that can be classified as an interpretation of the five-day filing requirement; indeed, the opinion shows clearly that the arbitrator simply ignored the requirement. Second, nothing in the collective bargaining agreement, the other parts of the record, or the cited authority supports the Union's argument that the five-day filing requirement was included in the collective bargaining agreement for the Union's sole benefit. The requirement is an obvious limitation upon the right of an employee to assert a grievance, and the Company surely has an interest in compliance with the requirement.

---

[2] Code § 8.01-580 provides:

No such [arbitration] award shall be set aside, except for errors apparent on its face, unless it appear to have been procured by corruption or other undue means, or that there was partiality or misbehavior in the arbitrators or umpires, or any of them. But this section shall not be construed to take away the power of courts of equity over awards.

[3] Of the seventeen grievances involved in the case, none was filed with a steward within the five-day period set forth in the collective bargaining agreement. Eight were filed with the Company within the eight-day period. The other nine missed even the eight-day deadline.

Finally, we believe the arbitrator's error in disregarding the five-day filing requirement is both apparent on the face of the award and palpable.[4] A "palpable" error is one that is obvious and easily perceptible. Black's Law Dictionary 1000 (5th ed. 1979). In *Hollingsworth* v. *Lupton & Wife,* 18 Va. (4 Mun.) 114, 117 (1813), we characterized palpable errors as those of such "a nature, as to induce a belief that they must have proceeded from some improper bias in the minds of the arbitrators, or from some gross misbehaviour or inattention."

■ We have said also that the "rule as to palpable mistakes does not comprehend errors of judgment in its fair exercise upon the matter." *Bassett's Adm'r* v. *Cunningham's Adm'r,* 50 Va. (9 Gratt.) 684, 688 (1853). The arbitrator's disregard of the five-day filing requirement in this case, however, was not a mere error of judgment. In our opinion, this record shows clearly that the arbitrator's error resulted from "gross . . . inattention" to the collective bargaining agreement's unambiguous provisions. *Hollingsworth,* 18 Va. (4 Mun.) at 117.

For the reasons assigned, the judgment of the trial court will be affirmed.

*Affirmed.*

---

[4] Of course, in addition to being palpable, the error must relate to a material matter. *Sydnor Co.* v. *County School Board,* 182 Va. 156, 168, 28 S.E.2d 33, 37 (1943). The Union misconstrues this language to mean that an error on a procedural matter should not be corrected. The requirement of materiality instead merely means that a court should set aside an award for palpable error only if it concludes the arbitrator, if he recognized the error, would have issued a different award. The error in the present case satisfies this requirement.