## CIRCUIT COURT OF BATH COUNTY

Hot Springs Lodge No. 1817,
Loyal Order of Moose

v.

Va. Hot Springs, Inc.

February 29, 1984

By JUDGE DUNCAN M. BYRD, JR.

The issue presented in this demurrer involves interpretation and application of Code of Virginia, 1950, as amended, § 8.01-580. This section provides:

> No such award shall be set aside, except for errors apparent on its face, unless it appear to have been procured by corruption or other undue means, or that there was partiality or misbehavior in the arbitrators or umpires, or any of them. But this section shall not be construed to take away the power of courts of equity over awards.

Assuming that there was an "automatic reversion" upon default and thus an error of law by the arbitrators, the real issue for resolution then becomes whether or not the mistake would be palpable or very palpable.

The word palpable seems to have first appeared in this type of case as early as 1793, in the case of *Pleasants, Shore & Co. and Anderson v. Ross*, 1 Va. (1 Wash.) 156 at 157 (1793). The general rule which seems to have developed early on in our common law is that "Where arbitrators mean to decide according to law, and they mistake the law in a palpable material point the award will be set aside". *City of Portsmouth v. Norfolk County*, 72 Va. (31 Gratt.) 727 (1879).

However, the Court should not set aside an award merely because it may differ with an arbitrator as to the law of the case. *Id.*, p. 733. The decision of the arbitrator upon a doubtful point of law, or in a case where the decision is designedly left to their judgment will generally be held conclusive. *Id.*, p. 734. It must appear they grossly mistook the law.

As cited by the Defendant, our Supreme Court has recently characterized palpable error as those of such "a nature, as to induce a belief that they must have proceeded from some improper bias in the minds of the arbitrators, or from some gross misbehaviour or inattention." *United Paperworkers Int'l Union v. Chase Bag Co.*, 222 Va. 324, 329, 281 S.E.2d 807, 810 (1981) (quoting *Hollingsworth v. Lupton & Wife*, 18 Va. (4 Munf.) 114, 117 (1813)).

Again, assuming the truth of the Complainant, the error is apparent and results in a 22.5% difference in the award. The Court is of the opinion that this would be a palpable error of gross inattention. The Demurrer should be overruled.