**CIRCUIT COURT OF FAIRFAX COUNTY**

Davis & Carter, P.C.

v.

R. E. Lee & Son, Inc., et al.

March 20, 1992

Case No. (Chancery) 123059

BY JUDGE WILLIAM G. PLUMMER

The Court has taken under advisement the issue of whether the parties must submit their dispute to an arbitrator. Complainant, Davis & Carter, P.C., contends that a nonassignment clause in the underlying contract between it and Headquarters Limited Partnership precludes arbitration between Davis & Carter and Respondent, R. E. Lee & Son, Inc. In the alternative, Davis & Carter argues that R. E. Lee & Son waived any right to arbitration by making an untimely demand. Davis & Carter maintains that resolution of the latter issue properly rests with the Court, rather than with an arbitrator. For the following reasons, the Court finds that R. E. Lee & Son has the right to compel arbitration concerning disputes arising out of the contract and, further, that an arbitrator must determine whether R. E. Lee & Son's demand for arbitration fails due to untimeliness.

*Facts*

In 1984, Davis & Carter contracted with Headquarters to provide architectural services for a construction project. Two provisions in the contract are relevant to the issues before the Court. Article 12 provides that neither party to the contract shall assign or transfer any interest in the contract without the written consent of the other. In addition, Article 9 requires that all disputes arising under the contract be resolved by arbitration.

Subsequent to the making of this contract, a conflict arose between Headquarters and R. E. Lee & Son, a contractor on the project. Incident to a settlement of this dispute, Headquarters allegedly assigned its rights under the contract to R. E. Lee & Son. Davis & Carter did not consent to this assignment. After this assignment, on August 20, 1991, R. E. Lee & Son filed a demand for arbitration concerning claims against Davis & Carter which arose out of the contract.

*Assignment*

Davis & Carter has moved to stay arbitration, contending that a nonassignment clause in the contract bars R. E. Lee & Son's right to compel arbitration under the contract. I disagree with this conclusion. Although an executory contract may be unassignable by its terms, the contract generates an assignable chose in action once the parties have fully executed the contract. *See Florance v. Kresge*, 93 F.2d 784 (4th Cir. 1938); *see generally* 2A Michie's Jurisprudence *Assignments* § 7 (1980). Prior to the assignment at issue, the parties had completed performance under the contract, albeit allegedly inadequately. All that remained was a possible right to recover a debt or damages on a cause of action ex contractu, which right constituted a chose in action. Headquarters enjoyed the power to assign this chose in action.

Contrary to argument by Davis & Carter, the outstanding right to arbitration did not render the contract executory. That right constituted a contractual remedy, rather than a performance requirement. Consequently, the Court finds that Headquarters validly assigned its chose in action to R. E. Lee & Son. R. E. Lee & Son thereby acquired Headquarters' right to demand arbitration of disputes arising out of the contract.

Davis & Carter further asserts that the arbitration clause limits the parties who may participate in arbitration. Article 9 of the contract provides that "[n]o arbitration . . . shall include, by consolidation, joinder or in any other manner, any additional person not a party to this Agreement except by written consent . . . by [Davis & Carter], [Headquarters], and any other person sought to be joined." Davis & Carter concludes that R. E. Lee & Son may not compel arbitration as it was not a party to the contract.

The Court disagrees with Davis & Carter's interpretation of Article 9. This provision prevents joinder or consolidation of third party

claims with arbitration between Headquarters and Davis & Carter. The contract, however, clearly contemplates arbitration of disputes involving Headquarters and Davis & Carter relating to their contract. Here, R. E. Lee & Son is simply stepping into the shoes of Headquarters, a party to the contract, to compel arbitration of Headquarters' claims against Davis & Carter. R. E. Lee & Son is not acting as a third party seeking to join an additional claim in arbitration pending between Headquarters and Davis & Carter.

The Court finds that Headquarters' assignment to R. E. Lee & Son empowered R. E. Lee & Son to compel Davis & Carter to arbitrate the present controversy.

## Timeliness of Demand

Article 9 of the contract requires that one demand arbitration within a reasonable time after a dispute has arisen and sets the applicable statute of limitations as the outside limit in which one may make such a demand. Davis & Carter argues that Headquarters, and subsequently R. E. Lee & Son, waived the right to arbitrate their present claim by filing an untimely demand for arbitration and contends that the Court, rather than an arbitrator, must resolve this issue. In response, R. E. Lee & Son contends that the issue of timeliness is for the arbitrator rather than the Court.

Many jurisdictions have varied on whether a waiver of the right to arbitrate is a question for the court or for an arbitrator. *See generally* Annotation, *Waiver of, or Estoppel to Assert, Substantive Right or Right to Arbitrate as Question for Court or Arbitrator*, 26 A.L.R.3d 604 (1969 & Supp. 1991). The United States Supreme Court, however, in *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964), has held that where "the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *Id.* at 557. The Virginia Supreme Court has interpreted *Livingston* to stand for the proposition that "intertwined issues of 'substance' and 'procedure' growing out of a single dispute and raising the same questions on the same facts" should be resolved *"in the first instance"* by the arbitrator, rather than the court. *United Paperworkers Int'l Union v. Chase Bag Company*, 222 Va. 324, 327–28 (1981) (quoting *Livingston*, 376 U.S. at 557).

In the present suit, I find the issue of whether R. E. Lee & Son timely demanded arbitration to be intertwined with substantive mat-

ters concerning its claim against Davis & Carter. The issue of timeliness requires inquiry into the continuing nature of Davis & Carter's services under the contract; the Court cannot resolve whether R. E. Lee & Son made a timely demand for arbitration without scrutinizing the substantive facts and issues involved. Accordingly, under the authority of *Livingston* and *United Paperworkers*, I leave to the arbitrator the question of whether R. E. Lee & Son made a timely demand for arbitration.