# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Lori M. Wolak

v.

Richard D. Gerber et al.

May 31, 2001

Case No. CL00-59

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case went to arbitration, and now the defendant challenges the award on the ground that the arbitrator exceeded his powers under Virginia Code § 8.01-581.010(3).

*Background Facts*

On February 16, 2000, the plaintiff, Wolak, brought this action against the defendant, Gerber,[1] for damages allegedly arising out of Gerber's deficient construction of a residence for Wolak. Gerber responded by special plea, asserting that the parties' construction contract contained a binding arbitration clause and asking that the case be dismissed.

Before argument on the plea and by agreement without any order of the court, the parties submitted their controversy to arbitration in accordance with their contract and the rules of the American Arbitration Association (AAA).

On January 30, 2001, the attorneys held a preliminary hearing with the arbitrator and the AAA case manager, by telephone, and set the arbitration hearing for February 15, 2001, under the AAA's "fast track" procedures. Also

---

[1] The action was also brought against other defendants, but they were nonsuited and have not been involved since June of 2000.

in that telephonic hearing, the parties agreed to exchange witness lists and exhibits by February 9, 2001.

The parties exchanged witness lists and exhibits. However, at the arbitration hearing on February 15, 2001, Wolak was permitted to submit an exhibit associated with the expert witness' report. Counsel for Gerber had seen the report but not the associated exhibit. Also, over Gerber's objection, the arbitrator allowed Wolak to use unexchanged documents to impeach Gerber's testimony.

The arbitrator issued an award on March 2, 2001, favorable to Wolak. Gerber filed a motion to vacate the arbitration award pursuant to § 8.01-581.010. The court heard arguments on May 21, 2001, and took the matter under advisement.

*Decision*

Gerber contends that the arbitrator erred in his rulings at the arbitration hearing and thereby exceeded his powers under AAA rules and the procedural rules established at the preliminary hearing.

Further, Gerber points out that the arbitrator again exceeded his powers when he did not issue his award within fourteen days, as required by AAA rules for "fast track" cases.

Wolak argues that neither of these things should vitiate the award, especially where the process has been otherwise free of corruption, fraud, misconduct, or substantive irregularities.

The court agrees with Wolak.

Rule F-7, the AAA discovery rule applicable to "fast track" construction dispute cases, provides that the parties "shall exchange copies of all exhibits" at least two days prior to the hearing. As Gerber points out, everyone agreed at the preliminary hearing that the exchange would take place in this case six days prior to the hearing.

The arbitrator's decisions to allow Wolak to offer an unexchanged exhibit as evidence and to use another unexchanged exhibit to impeach Gerber's testimony may have been inconsistent with the discovery rule. However, Rule F-7 goes on to specifically provide that "the arbitrator is authorized to resolve any disputes concerning the exchange of exhibits." Therefore, by its own language, Rule F-7, relied on by Gerber, confers authority upon the arbitrator to decide issues such as this one. Absent fraud or corruption (not alleged here), his decisions on these issues clearly do not exceed his powers.

With regard to the timeliness of the issuance of the award, the court agrees with Gerber that the award was not issued within fourteen days from the date

of the hearing in violation of Rule F-11. The arbitration hearing was held on February 15, 2001. The award was dated and issued on March 2, 2001.

The court is of the opinion that the one-day delay is *de minimis* and cannot possibly vitiate an otherwise proper award.

An arbitration award should be given favorable consideration and any doubts resolved in favor of confirmation. See *Howerin Residential Sales v. Century Realty, Inc.*, 235 Va. 174, 365 S.E.2d 767 (1988); see Bryson, *Virginia Civil Procedure* (3d ed. 1997), pp. 28-32.

In *Asbury United Methodist Church v. Taylor & Parrish, Inc.*, 249 Va. 144, 452 S.E.2d 847 (1995), the Supreme Court found that the arbitrator had exceeded his powers. The Court found that the arbitrator had decided an issue, quantum meruit, that was not a claim relating to the contract that gave to the dispute that the arbitrator was authorized to resolve. Thus, the arbitrator's decision to make an award based on quantum meruit was not within the scope of his authority and could not be confirmed. *Asbury* has nothing to do with alleged procedural or evidentiary errors made by the arbitrator during the course of receiving evidence at the arbitration hearing and is not analogous to this case.

It has been held that an award will not be vacated solely on the ground that improper testimony was presented at the hearing. *Bassett v. Cunningham*, 50 Va. (9 Gratt.) 684 (1853). But improperly received evidence, which evinces misconduct, such as receiving exhibits without the knowledge of the other party, may invalidate an award. *Jenkins v. Liston*, 54 Va. (13 Gratt.) 535 (1856); *also see United Paperworkers Union v. Chase Bag Co.*, 222 Va. 324, 281 S.E.2d 807 (1981). This case is not akin to *Jenkins* or *United Paperworkers*.

It would violate the letter and spirit of the Uniform Arbitration Act (Virginia Code § 8.01-581.01 *et seq.*) if a court were to vacate an arbitration award solely on the ground that evidence was improperly admitted by the arbitrator or that the arbitrator violated some rule of procedure, where there is no showing that such error or violation substantially prejudiced the objecting party and there is no evidence that the proceedings were blemished by fraud, corruption, misconduct, or other significant irregularities. In fact, it is probable that most arbitration proceedings are somehow flawed with minor procedural oversights, errors in rulings regarding introduction of evidence, and the like. After all, many arbitrators are lay persons.

Finally, it should be noted that Gerber has offered no evidence that the evidentiary rulings of the arbitrator or the one-day delay in issuing the award have prejudiced or otherwise adversely affected him in any significant respect.

In a second part of his motion, Gerber requests that the court vacate the award on the ground of collateral estoppel. Gerber contends that a decision by this court in another lawsuit between Gerber and another party decided the issue of whether the roof in this structure conformed to industry standards. Gerber presented no proof of his contention. However, even if the assertions were proven they would not affect this arbitration award because the doctrine of collateral estoppel does not apply to the facts alleged.

For the reasons explained above, the court will deny Gerber's motion to vacate the arbitration award and will enter the order of confirmation tendered by Wolak.