## CIRCUIT COURT OF FAIRFAX COUNTY

Frank X. Lackman et al.

v.

Long & Foster
Real Estate, Inc., et al.

March 27, 2002

Case No. (Chancery) 172441

BY JUDGE ARTHUR B. VIEREGG

This suit involves a commission dispute between two members of the Northern Virginia Association of Realtors ("NVAR"). Plaintiff Frank X. Lackman seeks to vacate an arbitration award of an NVAR arbitration panel in favor of Long & Foster Real Estate, Inc. ("L&F") and Reggie Copeland. This motion for vacation of the panel's award, brought pursuant to Virginia Code § 8.01-581.010, came before me on March 20, 2002. At the conclusion of the evidence, I took the matter under advisement. I am now prepared to furnish my decision to the parties.

*Undisputed Facts*

The following facts frame this dispute. On or about June 5, 2000, L&F obtained a ninety-day listing for the sale of a single family home located in Haymarket, Virginia. Pl. Ex. 1. The listing seller was David Fish. As that listing neared its termination date, a prospective buyer, Sharon Kennedy, contacted defendant Copeland, L&F's sales associate handling the listing. Copeland showed Ms. Kennedy the property on September 3, 2000. Ms. Kennedy inquired of Copeland whether or not L&F would waive its "selling commission" if the Kennedys bought the property. Copeland did not furnish the Kennedys an affirmative answer. On the same day, plaintiff Lackman, a

neighbor of the Kennedys and a realtor, submitted to Copeland a signed contract for the Kennedys to buy the property. Pl. Ex. 3. Lackman had agreed with the Kennedys to refund any commission he received from the transaction. The contract stipulated that Lackman would be paid a selling agent's commission of 3% of the sales price and L&F would receive a similar commission as the listing agent.

On September 5, 2000, a contract dated September 3, 2000, containing identical commission terms, was signed by the Kennedys, by the seller, Fish, by Coleman on behalf of L&F, and by Lackman on behalf of himself. Pl. Ex. 4. The parties went to settlement on September 28, 2000. The settlement statement reflects a $19,500 commission would be paid to Lackman. Pl. Ex. 5. The statement was signed by Lackman and by the defendants, L&F's agents, Copeland and his superior, Patricia Lawless.

NVAR members are bound by the Code of Ethics and Standards of Practice of the National Association of Realtors. Pl. Ex. 10. As NVAR members, each agreed that contractual or specific non-contractual disputes (not relevant to this dispute) are subject to arbitration before their Board of Realtors. Pl. Ex. 10, ¶ 17. L&F and Copeland submitted their claim to the Northern Virginia Board of Realtors for an award of a $19,500 commission from the Kennedy purchase of Mr. Fish's Haymarket property. Def. Ex. 1.

An arbitration hearing was held on April 23, 2001. L&F and Copeland presented written and oral testimony. Lackman called the Kennedys as witnesses and testified himself. Attorney Jon F. Mains, Esq., represented Lackman. L&F and Copeland were not represented. At the conclusion of the evidence, the panel returned an award of $19,500 in favor of L&F. Lackman initiated this suit to vacate that award.

*Virginia Code § 8.01-581.010*

Virginia Code § 8.01-581.010 provides in pertinent part:

Upon application of a party, the court shall vacate an award where:
　　1. The award was procured by corruption, fraud, or other undue means;
　　2. There was evident partiality by an arbitrator appointed as a neutral, corruption in any of the arbitrators, or misconduct prejudicing the rights of any party. . . .
　　The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award. . . .

*Decision*

In his petition, the plaintiff, Lackman, advanced six overlapping grounds for vacation of the NVAR arbitration award. The first five fall within the ambit of Va. Code § 8.01-581.010.2 and can be summarized as follows: (1) that the panel was guilty of misconduct by rendering an award which was inconsistent with Lackman's rights to a selling agent's commission pursuant to the sales contract between Fish and the Kennedys;[1] (2) that the panel was not impartial, had favored L&F, and had precluded Lackman from introducing evidence at the hearing. The sixth ground, laches and estoppel based on L&F's failure to inform Lackman that it intended to challenge Lackman's right to a commission, conceivably might have constituted grounds for Lackman to challenge L&F's right to a commission before the NVAR arbitration panel, but it plainly does not constitute a basis for vacation of the arbitration award pursuant to Va. Code § 8.01-581.010. And more precisely, the panel's award did not constitute *an award* procured by fraud or other undue means, *See,* Va. Code § 8.01-581.010.1, although Lackman might have argued that the Kennedys and he were induced to sign the September 3, 2000, contract on account of L&F's concealment of its intention to raise the commission issue.

## 1. *Panel Misconduct*

The September 5, 2001, sales contract between the Kennedys and Fish plainly provided that Lackman was to receive a sales commission of 3% or $19,500, as the selling agent. The defendant Copeland on behalf of L&F signed this contract. When the contract went to settlement on September 28, 2001, Copeland and Lackman each signed a settlement statement indicating Lackman was to be paid the selling agent's commission. After both sides called witnesses and introduced evidence, the parties argued the case to the arbitration panel. Both sides exclusively argued only the issue of which of the two realtors, Lackman or Copeland, had been the procuring cause of the

---

[1] At trial, Lackman maintained that L&F had been guilty of fraud by failing to disclose that a challenge would be made to Lackman's commission before a NVAR arbitration panel. While the alleged fraud of L&F might have been a basis for attacking L&F's entitlement to an award before the arbitration panel, just as Lackman might have persuaded the arbitration panel that estoppel and laches constituted bases to bar L&F's claim, such conduct plainly does not constitute a procurement *of the award* by fraud and, therefore, does not constitute a basis for vacating the arbitration award.

Kennedy contract. Significantly, Mr. Mains, who represented Lackman at the hearing, did not argue that the panel was required to deny L&F's claim, because the contract stipulated Lackman would be paid a selling commission. See, Pl. Ex. 4, "Excerpt," 2-12. Nor did he argue that L&F was guilty of laches or otherwise estopped to claim a commission by its failure to disclose its intention to claim a commission before the contract had been consummated.

In support of its motion to vacate the NVAR panel award, Lackman contends that the panel's failure to award a commission consistent with the Fish/Kennedy sales contract was misconduct tantamount to fraud on the part of the panel members. He principally relies on the logic of the Virginia Supreme Court's decision in *Mills & Fairfax v. Norfolk & Western RR.*, 90 Va. 523 (1894), for the proposition that an arbitrator's conduct in making an award, contrary to the parties' arbitration agreement (especially where the arbitrator was an employee of the prevailing party) amounts to fraud and is a basis for setting the arbitration decision aside.

In *Mills & Fairfax*, an engineer agreed to act as arbitrator as to the price of coal mined from certain property. If the thickness of the coal vein was determined by the engineer to be of a certain dimension, the award would be based on one price. However, if its thickness was larger, the award would be based on a lower price. The arbitrator returned an award based on the lower price of the coal, even though the thickness of the vein merited the larger price. The trial court sustained a demurrer to complainant's bill to vacate the award. The Supreme Court reversed. Finding that the award did not comply with the parties' *arbitration agreement,* the Supreme Court vacated the award and found that the engineer's failure to follow the terms of his engagement was tantamount to fraud, emphasizing that he was affiliated with the party favored by his award.[2] *See also, United Paper Workers International Union, AFL-CIO, etc. v. Chase Bag Co.*, 222 Va. 324 (1981). It is important to note, moreover, that the arbitrator in *Mills & Fairfax* was invested in little discretion, so that his application of the wrong price for the coal amounted to what was plainly "palpable error." *Mills & Fairfax, supra; United Paper Workers, supra.*

The facts in *Mills & Fairfax,* however, are not analogous to those before this Court. In *Mills & Fairfax,* the arbitrator's authority was limited to measure the vein and to set the price for the ore mined based on that

---

[2] Contrary to Lackman's argument, it would seem that this decision more logically falls within the ambit of Va. Code § 8.01-581.010.3 (exceeding the powers of the arbitration agreement) not § 8.01-581.010.2 (misconduct).

measurement. Furthermore, the arbitrator was an employee of one of the parties. Here, the arbitration panel had wide authority to determine the entitlement to a commission, which involved issues of law and fact. In addition, the arbitration was conducted by representatives of real estate firms unrelated to the parties. Moreover, unlike the *Mills & Fairfax* case, both sides were afforded an opportunity to present evidence and argument before an award was made. And, at the end of the hearing, both sides agreed that the hearing had been conducted fairly. The suggestion that the arbitrators' conduct amounted to fraud is simply unsupported by the arbitration record.

While a court of law may well have denied L&F's claim to a commission because the September 5, 2000, sales contract stipulated Lackman was to be paid a commission, Lackman's counsel failed to make this argument at the arbitration hearing and instead confined his argument to the issue of whether or not Copeland or Lackman had been the procuring cause of the Fish/Kennedy contract. And as to this issue, the panel could reasonably have decided that Copeland was the procuring cause of the contract and that Lackman's involvement had arguably been only to afford the Kennedys the "kickback" of a commission because L&F would forego a selling commission it had earned. In view of the manner in which the case was arbitrated, the panel's arbitration award was logical and supported by the evidence presented. It did not amount to a failure to abide by an arbitration contract so as to amount to fraud or corrupt conduct on the part of the arbitrators, as Lackman argued at trial.

The following language of Va. Code § 8.01-581.010 (also quoted above), moreover, is central to the disposition of this case:

> The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.

As NVAR members, Lackman and L&F bound themselves to conclude fee disputes by arbitration, a dispute process in which mistakes of law are not grounds to vacate an arbitration award. *See General Excavation, Inc. v. Najla Associates, Inc.*, 1994 WL 1031388 (Va. Cir. Fairfax County, 1994); *Rosenstiel v. Fair*, 23 Va. Cir. 331, 342 (1991). By doing so, both implicitly waived the right to challenge awards because the panel made mistakes of law or fact.

## 2. *Panel Bias*

Plaintiff Lackman's next contention for vacating the NVAR award falls under Va. Code § 8.01.581.010.2. Lackman contends that he presented the

testimony of Mr. and Mrs. Kennedy and himself to the effect that the arbitrators asked pointed questions to the petitioner and his witnesses and that panel members scowled and rolled their eyes during the presentation of plaintiff's case. L&F's witness, Ms. Lawless, testified that the arbitrators had not engaged in such conduct and had not demonstrated partiality in favor of L&F or against Lackman.

A review of the transcript of the arbitration, moreover, demonstrates that while the arbitrators did ask pointed questions to the petitioner and his witnesses, such questions were germane to the subject matter before them and appeared appropriate under circumstances that suggested the Kennedys and the petitioner had not been forthright with L&F as to Lackman's role in the transaction. Indeed, Lackman, himself, testified that his conduct raised equitable problems with which he was concerned. Furthermore, the Kennedys' testimony downplaying their interest in the property juxtaposed against the celerity with which they made an offer to buy it would reasonably generate questioning by the panel to test the probity of the evidence being presented by these witnesses, witnesses who plainly had an obvious financial interest in the case's outcome.

Lackman's allegation of bias furthermore flies in the face of the record. His counsel, Mr. Mains, made no mention of facial gestures of the arbitrators; he did not suggest that any panel question posed was inappropriate; and he did affirmatively indicate at the end of the arbitration hearing that the hearing had been conducted fairly. For all of these reasons, I find that the petitioner failed to carry his burden of demonstrating a lack of impartiality on the part of the arbitrators.

Lackman also contends that his counsel was precluded from introducing evidence to demonstrate that the L&F representatives had been guilty of fraud. Lackman contends that he desired to demonstrate that either the Kennedys or Lackman himself had been misled into going to settlement, because L&F had not disclosed that they would challenge Lackman's right to a commission. In support of this assertion, Lackman cites a colloquy that begins at page 33 of the transcript. The colloquy began when Mr. Mains asked Ms. Lawless whether or not the Kennedys had been informed that L&F would challenge Lackman's right to a commission, which Lackman had agreed to refund to them. The chairperson, apparently perceiving that the question was an attempt to demonstrate a violation of real estate ethics, asked Mr. Mains why the question was relevant and made the point that ethics violations are not relevant to commission disputes. Mr. Mains, the chairperson, and at least one other

panel member proceeded to discuss the issue,[3] after which Mr. Mains, having had the last word in the discussion, terminated his questioning without a ruling from the chairperson or noting an objection to a perceived erroneous ruling. In the end, Mr. Mains conceded in oral argument that he had made a tactical decision not to obtain a ruling from the chairperson with regard to his entitlement to pursue the line of questioning. Under such circumstances, I find, contrary to Lackman's argument, that he was not precluded from presenting evidence that L&F had been guilty of fraud by its failure to disclose its intention to challenge the Lackman commission.

## Decision

For the foregoing reasons, I conclude that Lackman failed to demonstrate grounds pursuant to Va. Code § 8.01-581.010 to vacate the NVAR arbitration award in favor of L&F and Copeland.

---

[3] At one point in the trial, Mr. Mains suggested that the reporter had not transcribed everything correctly. It appears that the Chairperson's statements *may* have been omitted on page 33, after line 13.