# CIRCUIT COURT OF GOOCHLAND COUNTY

M. Ellis Lloyd,
d/b/a M. E. Lloyd,
Builder

v.

Constantine G. Nomikos
and Rosa May Nomikos

February 18, 2005

Case No. C04-66

BY JUDGE TIMOTHY K. SANNER

On September 17, 2004, the parties entered into an arbitration agreement to settle a construction dispute between Lloyd, the builder, and Mr. and Mrs. Nomikos, the owners of the property. The arbitration hearing began on October 4, 2004. The arbitrators initially found that Mr. and Mrs. Nomikos owed Mr. Lloyd $70,119.16. Later, to correct a mathematical error, the award was changed to $74,119.16. On November 1, 2004, Lloyd filed a notice of a motion seeking to enforce the arbitration award. On December 14, 2004, the Nomikoses filed a motion to vacate the arbitration award. The motions were heard on December 21, 2004.

This cause was originally filed on August 6, 2004. In his Bill of Complaint, Lloyd contended that he had performed under a construction contract and that the Nomikoses had failed to pay amounts that were due under the contract. Lloyd sought to enjoin the Nomikoses from occupying and coming onto the property. A hearing on a temporary injunction sought by Lloyd was held on August 24, 2004, and at that time the Court denied Lloyd injunctive relief. Subsequently, the parties agreed to submit the

matter to arbitration and the above-described motions were made following the completion of the arbitration hearing.

The Nomikoses contend that the arbitration award should be vacated for three reasons: (1) the arbitrators improperly conducted an independent investigation outside of the arbitration; (2) the arbitrators improperly modified the award; and (3) the arbitrators erroneously awarded interest on the award. The Court finds that the first allegation is the most serious. If the Court determined that the independent investigation conducted by the arbitrators outside the presence, and without the knowledge of the parties, which the parties concede occurred, constituted misconduct under Virginia Code § 8.01-581.010 and that this misconduct prejudiced the Nomikoses, the Court would be required to vacate the award and remand the matter for further arbitration. Such a ruling would make it unnecessary for the Court to consider the second and third alleged errors; consequently, the Court will address the first allegation.

Some of the facts are not in dispute. The arbitration panel was chosen in a familiar fashion, with each party choosing one arbitrator and, then, the two arbitrators selecting a third arbitrator. Lloyd chose Robert Leipertz, Jr. The Nomikoses selected Richard Napier. The two arbitrators chose James Bonniwell as the neutral arbitrator. From the evidence presented at the December hearing, the Court concludes that, while the arbitrators were experienced in construction matters, they were not experienced in matters of arbitration and appeared to possess no professional training with respect to that process.

The arbitration hearing began October 4, 2004. The evidentiary presentations were completed that day. It was agreed that the arbitrators would inspect the house in question on that day, which was accomplished in the presence of the parties and their attorneys.

Additionally, there is no dispute that the arbitrators conducted their own independent investigation into two matters outside the presence of the parties and their attorneys and without their knowledge. One matter concerned whether the Nomikoses received all of the heating and air conditioning equipment to which they were entitled under the contract. According to arbitrator Robert Leipertz, because Mr. Nomikos had expressed concern about receiving different heating and air conditioning equipment than he had contracted for, the heating and air conditioning contractor, Virginia Air Distributors, Inc., was contacted to determine precisely what heating and air conditioning equipment was furnished. A list of the equipment was faxed to the arbitrators for their review. After

receiving the facsimile, the arbitrators concluded that the Nomikoses had received all of the contracted for equipment.

The second issue concerned a claim that Lloyd had made for additional expenses associated with the septic field which was constructed. The original system approved by the County of Goochland Health Department called for the system to be constructed in the front of the property. As originally planned, the septic system did not require use of a pump, but was instead a gravity based system. For reasons that are not quite clear to the Court, the original system could not be utilized, and the septic system was installed at the rear of the property. For this system to function, a pump was required which resulted in additional cost, which Lloyd sought to recover. The Nomikoses contended that this extra cost would not have been required in the initially approved system to be located in the front of the property and that they should not be responsible for it.

Harold L. Matthews, Ph. D., President of Matthews Soil Consultants, Inc., had testified at the arbitration hearing on October 4, 2004. After the hearing was concluded, and when the arbitrators were deliberating the next day, the arbitrators apparently had unanswered questions regarding the necessity of the pump system. Consequently, Richard Napier, called Matthews for additional information regarding whether a pump system would have been required if the septic system had been placed in the front of the property as originally designed. Both Leipertz and Napier testified that Matthews advised them that both septic systems would require a pump, even though the original system approved by the Goochland County Health Department was a gravity system. Based on this information, the arbitrators approved the extra expense sought by Lloyd for the pump septic system.

In reviewing Virginia Code § 8.01-581.010, various grounds are set forth upon which the Court is directed to vacate an award. The Court is satisfied that this award is not the product of fraud or corruption. The Court has no doubt that the arbitrators, who were laypersons, believed that their independent investigation seeking additional information was an attempt to help them reach the most appropriate award. They failed to realize, however, that doing so outside the presence of the parties and their attorneys and without giving them the opportunity to respond to the additional evidence presented, raised the possibility that those actions could be deemed to be misconduct and prejudicial to a party. The true issues for the Court are: First, did the actions of the arbitrators constitute, under Subsection 2 of Virginia Code § 8.01-581.010, misconduct

prejudicing the rights of any party? Second, did the conduct of the arbitrators under Subsection 4 of the aforementioned code section constitute conducting the hearing contrary to the provisions of Virginia Code § 8.01-581.04 in such a way as to substantially prejudice the rights of a party? Virginia Code § 8.01-581.04 provides, *inter alia,* that the parties are entitled to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing.

The Nomikoses have presented a number of foreign authorities standing for the proposition that an independent investigation conducted by the arbitrators, without the knowledge or approval of the parties, constitutes misconduct, which is sufficient to vacate their award. The authorities cited by Lloyd focus on the element that misconduct in and of itself is not sufficient to vacate award, but there must additionally be an element of prejudice to a party. The Court finds that the latter position is supported by the case law of the Commonwealth as well as by the Court's interpretation of Virginia Code § 8.01-581.010.

Both parties cite Judge Ledbetter's well-reasoned opinion in the case of *Wolak v. Gerber,* 56 Va. Cir. 203 (2001). While not directly on point, *Wolak* presents an appropriate framework for the resolution of these issues. As cited in *Wolak,* arbitration awards are to be given favorable consideration and any doubt is to be resolved in favor of their confirmation. *Howerin Residential Sales v. Century Realty, Inc.,* 235 Va. 174 (1988). Awards are not to be vacated solely on the ground of procedural or evidentiary errors. *Basset v. Cunningham,* 50 Va. (9 Gratt.) 684 (1853). Nevertheless, improperly received evidence, which evinces misconduct, such as receiving exhibits without the knowledge of the other party, may invalidate an award. *Jenkins v. Liston,* 54 Va. (13 Gratt.) 535 (1854); and also *United Paperworkers Union v. Chase Bag Co.,* 222 Va. 324 (1981).

The Court finds that the independent investigations conducted by the arbitrators clearly constituted misconduct. Such activities by other fact-finders, for example, juries, are clearly prohibited. *Hinton v. Gallagher,* 190 Va. 421 (1915), and *Witt v. Commonwealth,* 15 Va. App. 215 (1992). Additionally, judges are proscribed from initiating, permitting, or considering *ex parte* communications or other communications made to the judge outside the presence of the parties concerning pending or impending proceedings, with limited exceptions. Canons of Judicial Conduct for the State of Virginia, Canon 3B(7). The true question in this case is whether such conduct prejudiced a party, specifically the Nomikoses.

Lloyd argues that, with respect to the heating and air conditioning claim, that the Nomikoses were not prejudiced. He contends that the purpose of the arbitrators' investigation was simply to determine that the Nomikoses received all of the equipment to which they were entitled. Lloyd contends that there was no claim for a credit for equipment not received, which was touched on by Arbitrator Leipertz in his testimony; however, Leipertz further testified that an issue regarding the equipment arose during the course of the evidence. Mr. Nomikos testified that he did contend at the hearing that he did not receive the equipment for which he had contracted. He contended that the original contract was altered by change orders and that he did not receive all such equipment. As stated before, this issue was decided against the Nomikoses after receiving the facsimile from Virginia Air Distributors, Inc.

Lloyd's position is similar with respect to the independent investigation concerning contact with Dr. Matthews. Lloyd contends that the Nomikoses did not request any septic credit in their homeowner's claim presented to the arbitrators. The Court finds that this position runs somewhat counter to the arbitrators' testimony regarding those matters. Arbitrator Napier testified that his contact with Dr. Matthews was brought about in an attempt to clarify the cost difference related to the pump septic system and in an effort to try to be fair to all parties. Based on that conversation with Dr. Matthews, the arbitrators determined that the pump system would have been required either way, a position disputed by the Nomikoses who contended that a gravity system would have been sufficient.

The Court finds it difficult to conclude that the Nomikoses were not prejudiced. It is obvious that it was important to the arbitrators to determine that the Nomikoses received the appropriate heating and air conditioning equipment and that the pump septic system was required before they rendered their decision. And specifically, it is also clear that the extra cost associated with the pump system was allowed Lloyd. When this independent evidence was received, the Nomikoses were deprived of any opportunity to cross-examine those who had submitted this evidence. Additionally, they were deprived of the opportunity to submit any further evidence in rebuttal to such evidence.

This misconduct goes well beyond procedural irregularities, but instead calls into question the integrity of the entire proceedings. One has to wonder what the effect was of having two contested matters independently investigated by the arbitrators, and which were thereafter resolved against the Nomikoses, with respect to the general award that

was made. One can reasonably infer that the integrity of their other positions may have been called into question by the independent unchallenged rebuttal of their earlier positions. This may have been reflected, for example, in the awarding of interest not on the amount ultimately awarded by the arbitrators, but on the remaining contract balance, the entire amount of which was not found to be due. For these reasons, the Court finds that the arbitrators engaged in misconduct, which prejudiced the Nomikoses.

Consequently, in accordance with Virginia Code § 8.01-581.010, the Court is directed to vacate such award, which it now will do. The Court will direct that the matter be remanded for arbitration consistent with the parties' initial agreement. Obviously, the parties will have to designate different arbitrators from those previously selected. Ideally, the parties will select individuals who have received formal training in arbitration. If the parties elect not to do so because of cost concerns, the Court would suggest that the parties develop some mutually agreed upon ground rules for the conduct of the hearing, which will prevent the problems that occurred previously.

Because the Court has vacated the arbitrators' award and remanded the matter for another hearing, the Court finds it unnecessary to address the arbitrators' modification of their initial award and how interest should have been calculated upon it.