Parker, J.
There are several objections taken to this judgment. It appears to me that the counsel for the defendant in error, in his notes, has satisfactorily answered them all. The declaration was sufficient, and the demurrer to it properly overruled. In this action the plaintiff need only shew so much of the award, as is sufficient to state his demand. M’Kinstry v. Solomons, 2 Johns. Rep. 62.
An award of payment of a specific sum by one party to another is mutual and sufficient, without directing the latter to execute a release or do any other act. Ibid, and S. C. affirmed in the court of errors, 13 Johns. Rep. 27.
' The award was written on the back of the arbitration bond, and must be taken to settle all matters therein submitted; and is therefore sufficiently certain and final.
The fourth and sixth pleas impeach the conduct of the arbitrators, and under the decision of the court in Miller v. Kennedy, 3 Rand. 2. ought to have been re *613 jectcd. The case of Mitchell v. Staveley, 16 East 58. only decides that if all matters in difference are submitted, and there is a matter in difference of -which the arbitrators are notified, and they do not act upon it, that matter may be pleaded in bar. The award there was not an award in pursuance of the submission. The conduct of the arbitrators in making up their award was not impeached, but it was denied that they acted upon all the matters submitted.
The motion to exclude the writing on the back of the submission from going in evidence to the jury as an award, was properly overruled. In doing so, the court does not decide the issue made by the plea of no award, and the replication thereto. If there is any ambiguity upon tliis subject, it arose from the terms of the defendant’s own motion.
The other objections are not worth noticing. The judgment must be affirmed.