# Staunton.

## EDGE HILL STOCK FARM, INC., v. MORRIS, GRAY AND HUNTER.

September 12, 1930.

Absent, Holt and Gregory, JJ.

104

The opinion states the case.

*Hall & Buford* and *S. D. Stokes,* for the plaintiff in error.

*Horace M. Fox,* for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

This action by notice of motion was brought by plaintiff in error against defendants in error, to recover the sum of $6,000.00 due, as alleged, by reason of damage suffered by plaintiff in injury to its property caused by the negligence of defendants. Plaintiff is the owner of a valuable farm situated in Montgomery county. On this farm is located a dwelling house costing approximately $50,000.00, a tenant house and barn.

In September, 1926, defendants were engaged as contractors in construction work for the Norfolk and Western Railway Company, upon a right of way owned by the company and situated approximately 600 yards from the property of plaintiff.

The basis of recovery relied on is that in blasting stone from the right of way by the use of high explosives, the defendants, without due care, negligently injured the dwelling house, tenant house and barn of plaintiff. The alleged resultant damage to the dwelling house consists of breaking of windows, falling of plaster, destruction of chimneys, cracking of tile floors in certain bath rooms, injury to a large brick mantel located in the reception hall of the dwelling, and breaking of flooring. Defendants denied entire liability, claiming that a part of the damage resulted from blasting done by the highway department in the construction of the Lee Highway.

Prior to the filing of the action the parties entered into an agreement to adjust all matters of difference, and mutually selected T. M. Crouch to act as arbitrator to determine the amount of damage done by the blasting, and cost of repairs, and selected Taylor Rogers to act as

arbitrator to determine "what part of the cost of repairs" should be paid by defendants. Crouch determined the damages or costs of repair to the dwelling house and tenant house and fixed the same at $4,947.00. Thereupon, after a personal visit to the premises and hearing the statement of certain parties as to the damages, Rogers, on July 25, 1928, wrote plaintiff the following letter:

"In regard to the damage done to your dwelling house just west of Shawsville, from blasting done by Morris, Gray and Hunter, in connection with their contract with the Norfolk and Western on the company's right of way, opposite your property, beg to advise that after making careful investigation on the ground, also your file and the files of Morris, Gray and Hunter, beg to state that I think $250.00 will cover all damage done."

Defendants, upon the receipt of Rogers' award, tendered plaintiff a check for $250.00, which was refused by plaintiff who thereupon brought this action by notice of motion. To this motion for judgment defendants filed a plea of the general issue, and also a plea of accord and satisfaction. In addition, defendants filed a special plea of arbitration and award, setting forth in detail the submission, which consisted of a series of letters exchanged between the parties and set forth the award verbatim. To this special plea plaintiff tendered and offered to file a special replication, to the filing of which defendants objected. Thereupon, the court sustained defendant's motion to reject the plea, and refused to permit the introduction of any evidence tending to support the special replication. Plaintiff then announcing it had no other evidence to introduce, a verdict for the defendants was returned and judgment entered thereon.

■ As we view the respective contentions of the parties, the fundamental question to be decided, so far as the present writ of error is involved, is: Can an award upon a submission *in pais*, *prima facie* valid upon its face, be assailed

in an action at law, or must the complainant resort to a court of equity for relief? We are indebted to the learned counsel for the plaintiff and defendants for the able presentation of their respective contentions which have materially lightened the burden of investigation.

■ ■ At common law two kinds of submission and award were known. The first was upon a submission *in pais*, or in the country, and was where, in the absence of any pending suit, parties agreed to submit their then existing controversies to arbitration. The second was a submission made in a pending suit, in which case the award was returnable to the court, and was enforced by a rule after notice to show cause against it. There is in Virginia, by virtue of the statute, sections 6159 and following of the Code, 1919, an additional or statutory submission or award, and which arises when parties to an actual controversy then existing agree to submit their differences to arbitration, with the provision that the award so made may be returned to and entered as a judgment of the court. The three forms of submission are thus classified by Mr. Minor, 4th Minor (3d ed.), Pt. I, pages 172–3:

"Modes of submission:

"Modes of submission at common law:

"(1-f) Submission by rule or order of Court, where a suit is pending. The agreement to submit in this case is by order or rule of court, and it is a part of the agreement that the award of the arbitrators shall be entered as a judgment or decree of the court.

"(2-f) Submission *in pais*. The submission in this case is by agreement *in pais*, that is, in the country, in contradistinction to an agreement of record. It may be either by parol, or in writing, etc.

"(2-e) Mode of submission under the statute:

"In order to facilitate the submission of suits to arbitration, which our legislature, like that of England, has thought

fit to regard as an eminently desirable mode of adjusting controversies, it is provided by statute, section 3006 (now section 6159), that persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration, and agree that such submission may be entered of record in any court; and that upon due proof to the court of such agreement made out of court, or by consent of parties given in court, it should be entered in the proceedings of such court, and thereupon a rule shall be made that the parties shall submit to the award, which shall be made in pursuance of such agreement."

It is contended by plaintiff that the award in this case is invalid and may be attacked in a common law action, for the reason that under the terms of the agreement as embodied in the letters of the parties, Crouch and Rogers were to act jointly as arbitrators, both as to the damage done plaintiff's property and fixing the amount of defendant's liability. We do not so construe the agreement. The meaning and intention of the parties, gathered from the correspondence, was that while Crouch was to furnish an estimate of the cost of repairing the property, upon Rogers devolved the duty of saying "what part of the costs of repair defendants should pay." The award of Rogers is devoid of invalidity on its face, and therefore, unless we are to change the rule which has long prevailed, the action of the court in rejecting the special replication and excluding the evidence in support thereof is without error.

It is well to bear in mind the distinction between the three methods of submission, viz., submission by rule or order of court where a suit is pending, submission under the statute and submission *in pais*. It is well settled that awards under either of the first two mentioned forms of submission may be attacked at law if the submission or award on its face is invalid, but when the attack is made upon a submission *in pais*, founded upon extrinsic

matters, it must be by a proceeding in equity. 4th Minor (3d ed.), Part I, pages 186–7.

In Barton's Law Practice, volume 1, page 587, the rule is thus stated:

"When too, the submission to arbitration and award are *in pais*, there is no remedy against the award in law, and resort must be had to a court of equity, for when a suit is brought at common law on an award, no extrinsic circumstances, no matter dehors the award, even though they be a fraud, partiality, misconduct or mistake of the arbitrators, can be pleaded or given in evidence to defeat it."

See also Barton's Chancery Pr., pages 553–4.

In Burks' Pleading and Practice, page 18, it is said:

"Generally relief against an erroneous award can be given by a bill in equity only, though in some cases where the award is offered to a court of law to be entered as its judgment, objections may be there made."

In *Miller* v. *Kennedy*, 3 Rand. (24 Va.) 2, we read:

"Where the submission has been by mere act of the parties, the award cannot be attacked at common law for corruption, or partiality in the arbitrator, nor any other extrinsic circumstance whatsoever, but his only redress is in a court of equity. Otherwise, if the submission be by leave of court in a pending cause."

A criticism urged against the rule above stated is that it is *dicta*. Even though it be conceded that the criticism is a just one, we are not disposed to concur in the contention that Judge Cabell, who delivered the opinion, was wrong in his conclusion.

In *Doolittle* v. *Malcolm*, 8 Leigh (35 Va.) 612, 31 Am. Dec. 671, which was an action upon an award made on a submission *in pais*, the court followed the rule laid down in *Miller* v. *Kennedy*, *supra*.

In 5 C. J., section 496, page 194, the general rule prevailing in the United States and in England is thus stated:

"Where an award is pleaded in bar, only such objections can be urged against it as might be set up in an action to enforce the award. If it is proper on its face, it is conclusive as to the merits of the case, and plaintiff cannot attack it by evidence of extrinsic matters such as fraud, which make it voidable only."

In *Billmyer* v. *Hamburg, etc., Co.*, 57 W. Va. 42, 49 S. E. 901, 903, the court, dealing with a question similar to the one herein involved, had this to say:

"A third objection against the award is that the arbitrators were intoxicated when acting. Evidence was submitted to prove this. We think this evidence was not admissible because the award could not be set aside at law because not apparent on its face. This can be done only in equity. (4th Minor's Institutes, 184, *Dickinson* v. *Railroad*, 7 W. Va. 390.) At common law 'no extrinsic circumstances' or matter of fact dehors the award can be pleaded or given in evidence to defeat it. Thus, for example, fraud, partiality, misconduct or mistake of the arbitrator is not admissible to defeat it." (Story Equity, section 1452; Morse on Arbitration, 542; 3rd Encyclopedia Pleading and Practice, 54; 3 Cyc. 750.)

"It must not be thought because Code of 1899, chapter 108, section 4 (similar to Virginia statute) gives a court of law power to set aside certain awards for cause not apparent on the face, the principle above stated is wrong that the statute applies only to awards in pending suits, or where the submission provides that the award shall be returned to a court for judgment or decree. This submission is in the country and not in court, and does not provide for return of the award to the court. There is a distinction between such awards found in the books—*Moore* v. *Luckess*, 23 Gratt. (64 Va.) 168; Hogg's Equity Principles, section 32, 4th Minor's Institutes, 188, draws the distinction by saying that an award under a submission *in pais* can only be

effective in equity for matters not disclosed by its face, but it is different as to statutory awards."

To sustain its contention plaintiff relies upon the following cases: *Head* v. *Muir*, 3 Rand. (24 Va.) 122; *Bierly* v. *Williams*, 5 Leigh (32 Va.) 700; *Wheatley* v. *Martin*, 6 Leigh (33 Va.) 62; *Moore* v. *Luckess*, 23 Gratt. (64 Va.) 160. An examination of the cases relied upon reveals that they are cases involving statutory awards or else dealing with questions involved in a suit in equity.

Plaintiff further contends that the award did not cover and dispose of all matters in controversy; that Rogers did not proceed in accordance with the terms of submission and was guilty of mistake so gross as to amount to legal fraud; that Rogers was guilty of improper conduct in disregarding evidence and relying solely on his expert knowledge; that Rogers was guilty of partiality and prejudice.

In view of these serious allegations, we are of opinion that while the ruling of the trial court that plaintiff has proceeded in the wrong forum to assert his rights—if any he has—is correct, final judgment will not be entered here. Pursuant to the provisions of section 6084 of the Code 1919, the case will be remanded to the lower court, with leave to the plaintiff, if so advised, to have the same transferred to the equity side of the court and to amend its pleadings so as to conform them to the proper practice.

Defendants in error are awarded costs both in the lower court and in the appellate court.

*Amended and remanded.*