Present:  All the Justices

FRANK X. LACKMAN, T/A
FRANK X. LACKMAN, BROKER

v.  Record No. 021985    OPINION BY JUSTICE ELIZABETH B. LACY
                                    June 6, 2003
LONG & FOSTER REAL
ESTATE, INC., ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Jr., Judge

In this appeal, Frank X. Lackman, t/a Frank X. Lackman,
Broker, (Lackman) seeks reversal of a judgment confirming an
arbitration award and granting a motion for attorneys' fees.
Because none of the various grounds Lackman asserts in support
of reversal is meritorious, we will affirm the judgment of the
trial court.

BACKGROUND

Long & Foster Real Estate, Inc., Patricia Lawless, Reggie
Copeland (collectively "Long & Foster"), and Lackman are real
estate brokers and members of the Northern Virginia
Association of Realtors, Inc. (the Association).  Members of
that Association agree to submit disputes arising out of the
real estate business to arbitration in accordance with the
rules and regulations of the Association.  In January 2001,
Long & Foster filed a Request and Agreement to Arbitrate with
the Association claiming that they were entitled to a $19,500
commission which Lackman received in connection with an

earlier sale of property.  Lackman filed a Response and Agreement to Arbitrate, denying that Long & Foster was entitled to any commission.  The issue presented to the arbitration panel was whether Lackman was the procuring agent in the sale of the property which generated the contested commission.  Following an evidentiary hearing, the arbitration panel entered an AWARD OF ARBITRATORS, directing Lackman to pay Long & Foster the $19,500 commission.

Lackman filed an amended bill of complaint against Long & Foster seeking vacation of the arbitration award.  In Counts I through V, Lackman asserted that the award should be vacated on four of the statutory grounds enumerated in Code § 8.01-581.010.[1]  In Count VI, Lackman asserted that the trial court should use its equity powers to enjoin enforcement of the award because the arbitrators' actions prevented him from

---

[1] Code § 8.01-581.010 provides in pertinent part:

Upon application of a party, the court shall
vacate an award where:

1.  The award was procured by corruption, fraud or
other undue means;
2.  There was evident partiality by an arbitrator
appointed as a neutral, corruption in any of the
arbitrators, or misconduct prejudicing the rights
of any party;
3.  The arbitrators exceeded their powers;
4.  The arbitrators refused to . . . hear evidence
material to the controversy or otherwise so
conducted the hearing . . . in such a way as to

2

relying on his theory that the defendants engaged in fraudulent conduct and from relying on principles of estoppel and unclean hands.

Prior to trial, the trial court struck Count VI, holding that Code § 8.01-581.010 was the exclusive means for vacating an arbitration award. Following an evidentiary hearing, the trial court found the evidence insufficient to support vacation of the arbitration award under any of the grounds identified in subsections (1) through (4) of Code § 8.01-581.010, and entered an order confirming the award. The trial court also awarded attorneys' fees to Long & Foster.

In this appeal, in addition to the contentions raised in the trial court, Lackman challenges the constitutionality of Code § 8.01-581.010, as interpreted by the trial court, and asserts that the trial court erred in striking Count VI and in awarding attorneys' fees.

### DISCUSSION

### Code § 8.01-581.010

Lackman first claims that Long & Foster engaged in fraudulent conduct in conjunction with the sale of the property and that such fraudulent conduct supports vacation of the award under subsection (1) of Code § 8.01-581.010. That

---

substantially prejudice the rights of a party;
. . .

3

provision, however, allows vacation of an award if the award was procured by fraud. Lackman's allegation regarding fraudulent conduct in connection with the sale of the property does not address procurement of the arbitration award and, therefore, cannot form a basis for vacation of the award under subsection (1) of Code § 8.01-581.010.

Lackman next argues that the arbitrators were not impartial, refused to hear material evidence, and refused to allow certain cross-examination. This conduct, Lackman asserts, rises to the level of misconduct and supports vacation of the award under subsections (2) and (4) of Code § 8.01-581.010, and violates Code § 8.01-581.04(2).[2] The record of the arbitration hearing, however, precludes Lackman from prevailing on these claims.

As noted by the trial court, at the close of the arbitration hearing the panel chairperson asked both parties whether the hearing had been conducted fairly. Lackman responded affirmatively. Similarly, Lackman raised no objection when the chairperson stated at the end of the proceeding that "the claimant and the respondent have

---

[2] Code § 8.01-581.04 provides

Unless otherwise provided by the agreement:

4

indicated that they have had an adequate opportunity to testify and present evidence and witnesses, and conduct cross examination."  Moreover, review of the colloquy involving the disputed cross-examination testimony shows that the arbitration panel thought that the disputed testimony implicated an ethics violation, a matter not relevant to the arbitration proceeding.  The record is devoid of any final ruling by the panel on that issue, any further questioning by Lackman following the colloquy, or any objection by Lackman to the panel's actions or failure to rule on the matter.  This record clearly supports the trial court's determination that Lackman did not carry his burden to demonstrate that the arbitrators showed evident partiality or that he was precluded from presenting material evidence or engaging in cross-examination.

Finally, Lackman asserts that in making the award, the arbitration panel disregarded provisions of the underlying contract between the parties.[3]  This failure, according to Lackman, was "tantamount to fraud," and exceeded the powers of the arbitration panel.

---

2.  The parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing.
[3] The "contract" on which Lackman relies includes the listing agreement for the property, a short listing agreement,

5

Lackman relies on a number of cases for the proposition that arbitrators exceed their powers, or engage in fraud or misconduct, if they fail to apply the terms of the underlying contract. These cases are neither dispositive nor persuasive because they either were decided prior to the enactment of Code § 8.01-581.010 or involved questions not presented in this case.[4]

Included in Code § 8.01-581.010, adopted in 1986, is the statement that "[t]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating . . . the award." Therefore, whether an arbitration panel applies the contract between the parties in a manner consistent with its terms is not a matter for consideration by the trial court or this Court when reviewing an arbitration award. "A contrary conclusion would

---

a regional sales contract, and the settlement statement for the property.

[4] Vulcan Chem. Techs., Inc. v. Barker, 167 F.Supp.2d 867, 871 (W.D. Va. 2001) (applying Federal Arbitration Act, 9 U.S.C § 10, and federal law allowing vacation of arbitration award "if it shows manifest disregard of applicable law"), vacated and remanded sub nom. Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332 (4th Cir. 2002); Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc., 249 Va. 144, 153, 452 S.E.2d 847, 852 (1995) (basing award on "quantum meruit," a basis not within the parties agreement); United Paperworkers Int'l Union v. Chase Bag Co., 222 Va. 324, 328, 281 S.E.2d 807, 810 (1981) (applying former Code § 8.01-580 which allowed vacation of award for "errors apparent on its face"); and Mills & Fairfax v. Norfolk & Western R.R. Co., 90 Va. 523, 531-32, 19 S.E.

6

permit a dissatisfied party, who by agreement voluntarily submitted to arbitration, to invoke the jurisdiction of a circuit court in an effort to relitigate the merits of the controversy already decided by the arbitrators." Signal Corp. v. Keane Fed. Sys., Inc., 265 Va. 38, 45, 574 S.E.2d 253, 257 (2003). Correct application of the contract terms pertaining to that sale, while perhaps pertinent to the result reached by the arbitrators, is not pertinent to determining whether the arbitrators exceeded their powers under Code § 8.01-581.010(3). The relevant inquiry for that determination is whether the issues resolved were within the scope of authority granted the arbitrators in the agreement to arbitrate. No such claim has been made in this case.

Lackman also asserts that interpreting Code § 8.01-581.010 to allow the arbitrators to "ignore the contract between the parties," renders the statute unconstitutional. This assertion again ignores the fact that the issue before the arbitration panel was whether Lackman was the procuring source for the sale of the property. Moreover, when agreeing to submit a claim to arbitration, the parties also agree that the decision reached by the arbitrators will not be set aside by a court based on traditional legal principles but only on

---

171, 174 (1894) (applying instructions in contract for making arbitration decision).

those grounds set out in the statute. A contractual agreement by the parties to abide by both the rules of arbitration and the arbitrators' decision does not render Code § 8.01-581.010 unconstitutional.

Accordingly, the trial court did not err in rejecting Lackman's contention that the award should be vacated because it was procured by fraud, because the arbitrators engaged in misconduct, or because the arbitrators exceeded their powers.

## Equity Power

Lackman asserts that the procedure in Code § 8.01-581.010 is not the exclusive method for vacating an arbitration award, and, therefore, the trial court erred in striking Count VI of his amended bill of complaint in which he invoked the trial court's equity powers to enjoin enforcement of the arbitration award based on his equitable defenses of fraud, estoppel, and unclean hands. We disagree.

The predecessor to the current statute, former Code § 8.01-580, specifically stated that the section "shall not be construed to take away the power of courts of equity over awards." This provision continued the traditional authority of equity courts to review arbitration awards based on a "submission in pais." See e.g. Edge Hill Stock Farm, Inc. v. Morris, Gray & Hunter, 155 Va. 103, 108, 154 S.E. 473, 474 (1930). The General Assembly eliminated this provision when

it enacted Code § 8.01-581.010 in 1986.  Elimination of the provision terminated the ability of a court to invoke its equity powers when reviewing an arbitration award.

Thus, Code § 8.01-581.010 provides the exclusive means for setting aside an arbitration award, and the trial court correctly struck Count VI of Lackman's amended bill of complaint.  See Signal Corp., 265 Va. at 45, 574 S.E.2d at 257.

### Attorneys' Fees

Lackman's last assignment of error challenges the award of attorneys' fees entered in favor of Long & Foster.  His objections relate to the trial court's refusal to admit certain documents regarding the Association's arbitration rules and its refusal to allow Lackman to produce an authenticating witness prior to entry of the order awarding attorneys' fees.

The documents Lackman sought to admit apparently were in support of his assertion that he complied with the rules governing arbitration and, therefore, was not liable for attorneys' fees.  This argument however must be considered in light of the following provision contained in Lackman's Response and Agreement to Arbitrate:

> If I do not comply with the arbitration award and
> it is necessary for any party to this arbitration
> to obtain judicial confirmation and enforcement of

> the arbitration award against me, I agree to pay
> the party obtaining such confirmation the costs
> and reasonable attorney's fees incurred in
> obtaining such confirmation and enforcement.

The right to attorneys' fees and costs is invoked when there is non-compliance with the arbitration <u>award</u>. Recovery of attorneys' fees under this provision is not dependant on compliance with the rules governing this arbitration. Therefore, evidence regarding such compliance is not relevant to an award of attorneys' fees under this paragraph.

In this case, the arbitration award was not paid, Lackman instituted suit to vacate the award, and an order was entered confirming the arbitration award. Long & Foster incurred attorneys' fees in obtaining an order confirming the award. Under these circumstances, we cannot say that the trial court abused its discretion in awarding attorneys' fees to Long & Foster.

For the reasons stated above, we will affirm the order of the trial court.

<u>Affirmed.</u>