# CIRCUIT COURT OF THE CITY OF RICHMOND

Alstom Power, Inc.

v.

BBF, Inc.,
f/k/a Balcke Duerr, Inc.

March 20, 2006

Case No. LT-2952-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on the petitioner's Motion to Confirm Arbitration Award and for Entry of Judgment. The motion is made under Va. Code § 8.01-581.09, which provides that a party to an arbitration proceeding, such as the petitioner, may apply to the court to confirm an award. In this case, the petitioner so moved, but the respondent, other party to the arbitration, asks the court to vacate the award under Va. Code §§ 8.01-581.010 and 8.01-581.013.

Under Va. Code § 8.01-581.010, an arbitration award may be vacated, *inter alia*, when the arbitrators exceed their powers, the ground the respondent advances here. Respondent maintains that the arbitrators exceeded their powers in this case by awarding liquidated damages for breach of contract when the petitioner suffered no actual damages. Respondent argues that this violated governing Virginia law and, therefore, the arbitrators exceeded their powers.

The parties' contractual differences developed from a contract between the petitioner Alstom Power, Inc. (Alstom) and respondent BBF concerning two power plants owned by American National Power (ANP) in Bellingham, Massachusetts, and Midlothian, Texas. Alstom contracted with ANP to design and build the plants. Alstom contracted with BBF to supply and install air-cooled condensers for the plants. Under the provision in the Alstom-BBF contract, the parties went to arbitration over each party's claims against the other. The net result of the arbitration was an award of $2,738,178 plus

interest to Alstom against BBF, which Alstom seeks now to confirm to a judgment. BBF complains only about those portions of the award granting BBF liquidated damages.

The liquidated damage portion of the award concerns the performance guarantees of the condensers BBF supplied. The purchase orders for the condensers contained a formula by which liquidated damages could be determined in the event the condensers failed to achieved guaranteed performance, subject to a maximum cap at 20% of the purchase order values. There is no dispute that, at the time of purchase, Alstom had contracted with a related company, Alstom-Switzerland, without BBF's knowledge, to assume all risk and responsibility for any and all future losses Alstom may sustain arising out of condenser performance. BBF contends that, under Virginia law, a party cannot receive liquidated damages if there are no actual damages suffered, when the liquidated damages grossly exceed any actual damages, or they are out of proportion to any loss. In such instances, liquidated damages act as a penalty and are unenforceable. While the court is in general agreement with some elements of BBF's statements of Virginia law, the court does not find that this is a basis for vacation based on the arbitrators "exceed[ing] their powers" under Va. Code § 8.01-581.010.

In *Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc.*, 249 Va. 144, 452 S.E.2d 847 (1995), the question was whether the court was correct in affirming an arbitration award. The court discussed the office of arbitration, the scope of which the parties defined in their contractual agreement. "[A]rbitrators exceed the scope of their authority when they purport to act beyond the terms of the contract from which they draw their authority." *Taylor & Parrish, Inc.*, 249 Va. at 153, 452 S.E.2d at 852 (citations omitted). In reversing the trial court, the court found that, when the arbitrators decided to award one of the parties for work that had not been performed in accordance with the contract, the arbitrators exceeded the authority granted them by the parties' contract. Here, there is no question of the arbitrators exceeding the scope of inquiry devoted to them by the parties contract, to arbitrate contract disputes. Rather, the question presented is one of whether the arbitrators exceeded their powers by making an award not in keeping with applicable Virginia law on the subject or propriety of awarding liquidated damages. In other words, can the arbitrators "get it wrong" in the application of law and yet not exceed their powers so that the award can remain intact. The court decides that the only "relevant inquiry . . . is whether the issues resolved were within the scope of authority granted the arbitrators in the agreement to arbitrate." *Lackman etc. v. Long & Foster Real Estate, Inc.*, 266 Va. 20, 25, 580 S.E.2d 818, 821-22 (2003). Here, it is abundantly clear

that the arbitration was confined to the scope of authority the parties committed to the process. Improper application of Virginia law is not among the grounds the General Assembly has chosen to include in the list for vacating an arbitration award. Thus, BBF has not mounted a viable claim that the arbitration award should be vacated as to liquidated damages. BBF's motion is therefore denied, and Alstom's motion to confirm the award to judgment shall be granted.